# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL QUINTERO, | ) | 1:08-cv-00099-LJO-TAG HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| JEFF WRIGLEY, | ) | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

On January 22, 2008, Petitioner filed a petition for writ of habeas corpus. (Doc. 1). Petitioner alleges that his due process rights were violated by the results of a re-hearing by his Unit Disciplinary Committee on January 3, 2007. (Doc. 1, p. 3).

**DISCUSSION**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-

894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479 (3rd Cir. 1991) (amended); United States v. Hutchings, 835 F.2d 185, 186-187 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manor. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-894 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Tubwell, 37 F.3d 175 (alleging error in parol revocation); Hutchings, 835 F.2d at185-186 (claiming Board of Parole mistakenly denied petitioner's release); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parol). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Hutchings, 835 F.2d at187; Brown, 610 F.2d at 677.

In this case, Petitioner is alleging that Respondent violated his due process rights at a disciplinary hearing to determine if Petitioner had violated the prison's regulations by failing to attend a mandatory "call-out." The sanctions imposed at the conclusion of the disciplinary process resulted in a thirty-day loss of commissary privileges and a 180-day loss of preferred housing. (Doc. 1, p. 14). However, the ruling specifically indicated there would be no loss of good time credits. (Id.).

A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S.Ct. 1827 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 where the defendants are state actors or on a Bivens[1] theory where the defendants are federal actors is the proper method for a prisoner to challenge the conditions of that confinement.

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971).

See McCarthy v. Bronson, 500 U.S. 136, 141-142, 111 S.Ct. 1737 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

Petitioner has styled his petition under 28 U.S.C. § 2241.  Here, however, Petitioner is not questioning the fact, duration, or degree of his confinement.  Rather, Petitioner is challenging the loss of certain prison privileges, i.e., he is challenging the conditions of his confinement.  Habeas corpus relief is not available to review of the conditions of Petitioner's confinement.  See Crawford, 599 F.2d at 891-892.  This is because condition of confinement claims are not redressable through a habeas corpus petition.  Id. at 891-892.  The appropriate remedy for such violations, if proven, would be a judicially mandated change in conditions and/or an award of damages.  Release from confinement is the only remedy available through habeas corpus.   Id. at 892.

Petitioner has not asked for monetary damages, but rather only for the "relief to which he may be entitled in this proceeding." (Doc. 1, p. 7). From Petitioner's allegations and the documents appended to the petition, it does not appear that there is any relief the Court can afford Petitioner. Unless the imposition of sanctions was stayed pending the filing and resolution of the instant petition, the 30-day and 180-day losses of privileges occasioned by the disciplinary finding have already been imposed and there is nothing the Court can do to restore them at this late date, even if Petitioner were entitled to relief.  In other words, the Court, through habeas corpus, can give Petitioner no remedy.

For both of these reasons, i.e., lack of habeas jurisdiction and mootness, this action is not proper as a habeas corpus petition.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within twenty (20) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and
4  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
5  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
6  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive
7  the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.
10 Dated:   **March 14, 2008**                    /s/ Theresa A. Goldner
                                                 UNITED STATES MAGISTRATE JUDGE